James A. Hunter (JH-1910)
HUNTER & KMIEC
150 East 44th Street, No. 9A
New York, New York  10017
Tel:    (646) 666-0122
Fax:    (646) 462-3356
E-Mail: hunter@hunterkmiec.com

*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA ANN GABRIELE CHECHELE,<br><br>Plaintiff,<br><br>– v. –<br><br>THOMAS C. SHIELDS,<br><br>Defendant,<br><br>– and –<br><br>ANADIGICS, INC.,<br><br>Nominal Defendant. | No. _____<br><br>COMPLAINT FOR RECOVERY<br>OF SHORT-SWING PROFITS<br>UNDER 15 U.S.C. § 78p(b)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Donna Ann Gabriele Chechele, by her attorneys Hunter & Kmiec, hereby complains of Defendants, averring as follows:

**JURISDICTION AND VENUE**

1.      This action arises under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).  Jurisdiction is conferred upon this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

2. Venue is properly laid in this District pursuant to Section 27 of the Act because some or all of the purchases and sales of securities described herein were executed in ordinary brokerage transactions through the facilities of The NASDAQ Stock Market LLC, a national securities exchange registered pursuant to Section 6 of the Act, 15 U.S.C. § 78f, and located in this District.

## THE PARTIES

3. Plaintiff Donna Ann Gabriele Chechele ("Plaintiff") is a New Jersey resident and shareholder of nominal Defendant ANADIGICS, Inc. (the "Company").

4. The Company is a Delaware corporation with a principal place of business located at 141 Mt. Bethel Road, Warren, New Jersey 07059.

5. Defendant Thomas C. Shields ("Shields") is a natural person who resides in Whitehouse Station, New Jersey. Shields is the Company's Executive Vice President and Chief Financial Officer.

## STATUTORY REQUISITES

6. The violations of Section 16(b) of the Act described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

7. At all relevant times, the Company's common stock was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78*l*, and was listed for trading on the Nasdaq Global Market.

-3-

8.      Demand for prosecution was made on the Company by Plaintiff on May 20, 2011.  Sixty days have passed since such demand was made, during which time the Company has failed or refused to file suit.  Further delay would be a futile gesture, the Company having indicated to Plaintiff's counsel by letter dated May 26, 2011 that it does not intend to file suit.

9.      This action is brought within two years of the occurrence of the violations described herein or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. § 78p(a), setting forth the substance of the transactions here complained of were first filed with the U.S. Securities and Exchange Commission ("SEC").

**FACTUAL ALLEGATIONS**

10.      At all relevant times, Shields was an officer of the Company and therefore was subject to Section 16 of the Act.

11.      On December 10, 2010, Shields sold 92,848 shares of the Company's common stock at the price of $7.6800 per share.

12.      On May 19, 2011, Shields purchased 50,000 shares of the Company's common stock at the price of $2.8878 per share.

13.      At some point after, and as a consequence of, Plaintiff's demand upon the Company as described in paragraph 8 above, Shields purported to rescind the May 19, 2011 purchase described in paragraph 12 above.

14.      Shields's liability under Section 16(b) of the Act accrued on May 19, 2011 with the purchase described in paragraph 12 above.  Any purported

rescission of that purchase was ineffective to extinguish such liability, the purported rescission having been motivated by the desire to avoid liability under Section 16(b) of the Act.

## FIRST CLAIM FOR RELIEF
### (AS TO SHIELDS)

15. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-13 above.

16. The sale of the Company's common stock described in paragraph 11 above occurred within six months of, and at a price higher than, the purchase of the Company's common stock described in paragraph 12 above.

17. Shields had a pecuniary interest, directly or indirectly, in all of the shares of the Company's common stock purchased and sold as described in paragraphs 11-12 above.

18. Under the "lowest-in, highest-out" method for computing realized profits pursuant to Section 16(b) of the Act, Shields realized recoverable profits as a result of the transactions described in paragraphs 11-12 above in an aggregate amount equal to approximately $239,610.

19. Pursuant to Section 16(b) of the Act, the profits realized by Shields as described in paragraph 18 above inured to and are the lawful property of the Company, recoverable by Plaintiff in its stead, the Company having refused to seek recovery of the same.

## SECOND CLAIM FOR RELIEF
## (AS TO SHIELDS)

20. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-19 above.

21. This Second Claim for Relief is a precaution against possible errors of detail attributable to gaps or inaccuracies in the public record, the failure of Shields to file reports as required by Section 16(a) of the Act, or against the discovery or execution of additional short-swing trades during the course of this action.

22. Shields purchased and sold shares of a class of the Company's equity (or derivative securities thereof) within less than six months while an officer or director of the Company or the holder of in excess of 10% of the outstanding shares of any class of the Company's equity registered pursuant to Section 12 of the Act.

23. The purchases and sales described in paragraph 22 above cannot be identified by Plaintiff with specificity because they have not been publicly reported, and Shields has failed or refused to disclose these trades.

24. Shields had a direct or indirect pecuniary interest in all of the shares of the Company's equity purchased or sold as described in paragraph 22 above.

25. The purchases and sales described in paragraph 22 above may be matched against each other (or with other sales and purchases described herein) using the "lowest-in, highest-out" method to arrive at profits, their exact amount being unknown to Plaintiff, which profits inured to and are the lawful property of the Company, recoverable by Plaintiff in its stead, the Company having failed or refused to seek recovery of the same.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment:

(a) Requiring Shields to account for and pay over to the Company the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate pre- and post-judgment interest and the costs of this suit;

(b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting to Plaintiff such other further relief as the Court may deem just and proper.

Dated: July 20, 2011
New York, New York

HUNTER & KMIEC

By: _/s/ James A. Hunter_

James A. Hunter
150 East 44th Street, No. 9A
New York, New York  10017
Tel:   (646) 666-0122
Fax:   (646) 462-3356
E-Mail: hunter@hunterkmiec.com

*Attorneys for Plaintiff*